UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN K. BOWMAN,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>    Respondent. | Case No. 1:21-cv-00316-DCN<br><br>**INITIAL REVIEW ORDER and ORDER REQUIRING ACTION BY PETITIONER** |

Petitioner Steven K. Bowman has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See* Dkt. 2. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

REVIEW OF PETITION

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

INITIAL REVIEW ORDER and ORDER REQUIRING ACTION BY PETITIONER - 1

2.  **Discussion**

In a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of aggravated battery, along with a persistent violator enhancement. The judgment of conviction was entered on April 24, 2018. Petitioner was sentenced to a unified term of 30 years in prison with 12 years fixed. Petitioner pursued a direct appeal as well as state post-conviction relief. Petitioner's post-conviction petition is currently pending in state court. *Pet*. at 1–3.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings two claims. Claim 1 asserts that Petitioner was deprived of his Sixth Amendment right to the effective and conflict-free assistance of counsel, based on the following: (a) the attorneys for Petitioner and his co-defendant both worked in the Ada County Public Defender's Office, which caused problems with "plea negotiations"; (b) counsel refused to "speak to or gather any witnesses or evidence in [Petitioner's] defense"; and (c) counsel rendered ineffective and conflicted representation involving a plea offer that was later revoked. *Id*. at 6.

In Claim 2, Petitioner alleges that he was deprived of his right to due process because he was not notified or arraigned on "all charges" and "the sentences they carry." *Id*. at 7. This claim appears to be based on the persistent violator enhancement, which Petitioner states he did not know about until after the trial.

Petitioner states that he is currently pursuing both of his habeas claims in his pending state post-conviction proceedings and that the claims have not been presented to the Idaho Supreme Court. *Id*. at 6–8. However, a habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan*

INITIAL REVIEW ORDER and ORDER REQUIRING ACTION BY PETITIONER - 2

*v. Boerckel*, 526 U.S. 838, 842 (1999). To properly exhaust his claims, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

Prior to the enactment of Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Supreme Court had held that federal courts could adjudicate a habeas petition only if all the claims in that petition were exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" required that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* The appropriate course, if a claim was unexhausted, was to dismiss the petition without prejudice. Then, once the petitioner had exhausted the unexhausted claims in state court, he could return to federal court and file a new habeas petition. Alternatively, the petitioner could choose to "amend[] or resubmit[] the habeas petition to present only exhausted claims to the district court." *Id*. at 510.

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

INITIAL REVIEW ORDER and ORDER REQUIRING ACTION BY PETITIONER - 3

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a federal habeas petition to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected petition. *Id*. at 277. Staying a habeas case preserves the original filing date of the claims asserted in the original petition, for purposes of the one-year federal statute of limitations period. In determining whether to grant a motion to stay, a district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277–78.

The claims in the instant habeas petition remain pending in state court and have not been fully and fairly presented to the Idaho Supreme Court. As a result, Petitioner's habeas claims are unexhausted and must be dismissed without prejudice unless the Court stays the instant action. The Court will permit Petitioner to file a motion to stay.

## ORDER

**IT IS ORDERED:**

INITIAL REVIEW ORDER and ORDER REQUIRING ACTION BY PETITIONER - 4

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 6) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice. If it appears appropriate at a later date, the Court will reconsider appointing counsel.

3. Within 28 days after entry of this Order, Petitioner must file a motion to stay this case pending completion of his state post-conviction proceedings. The Court will then determine whether to grant the motion. If Petitioner does not file a timely motion to stay, the Petition will be dismissed without prejudice and without further notice.

DATED: September 13, 2021

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER and ORDER REQUIRING ACTION BY PETITIONER - 5