UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN K. BOWMAN,<br><br>            Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>            Respondent. | Case No. 1:21-cv-00316-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

On February 25, 2025, the Court reopened the instant habeas corpus case after Petitioner Steven K. Bowman completed his state court proceedings. Dkt. 19. The Court now reviews Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. 20) pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

Petitioner challenges his state court convictions of aggravated battery and a persistent violator sentencing enhancement. The Amended Petition asserts the following

claims.

In Claim 1, Petitioner alleges that his trial counsel was ineffective and labored under a conflict of interest. This claim asserts that trial counsel was ineffective in plea negotiations, refused to investigate the case, failed to timely provide Petitioner with discovery, and failed to communicate with Petitioner. *Am. Pet*. at 14, 19–20.

Claim 2 also asserts ineffective assistance of counsel. Petitioner alleges that trial counsel failed to adequately advise him with respect to a proposed plea agreement and the potential sentence Petitioner faced. *Id*. at 15, 21.

Claim 3(a) asserts that the state deprived Petitioner of due process by "failing to arraign [him] of persistent violator charges prior to trial" in the same manner as Petitioner's co-defendant. *Id*. at 16. Claim 3(b) appears to assert that Petitioner's plea was not knowing, intelligent, and voluntary, due to lack of notice regarding the sentencing enhancement. *Id*. at 22. Though Claim 3 also nominally invokes the right to the effective assistance of counsel, the claim includes no specific allegations about counsel's representation. To the extent Claim 3 intends to assert that counsel did not accurately advise Petitioner of the potential sentence, it is duplicative of Claim 2.

In Claim 4(a), Petitioner asserts that a witness committed perjury and that trial counsel was ineffective in failing to call witnesses to contradict the allegedly false testimony and in failing to "follow[] up" on impeachment. *Id*. at 16, 23–24. In Claim 4(b), Petitioner claims his appellate counsel was ineffective in failing to raise Claim 4 in state court. *Id*. at 24.

Finally, Claim 5 asserts that the prosecution failed to disclose favorable evidence to

the defense. According to Petitioner, the failure to disclose the same evidence resulted in a mistrial in another case. *Id*. at 25.

Petitioner may proceed on the Amended Petition to the extent that the claims (1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner.

## ORDER

**IT IS ORDERED:**

1. Within 120 days after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may order the parties to brief the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

2. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which

must be provided to the Court if the Petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

3. If the response to the Amended Petition is an answer, Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case shall be deemed ready for a final decision.

4. If the response to the Amended Petition is a motion, Petitioner's response shall be filed and served within 28 days after service of the motion, and Respondent's reply, if any, shall be filed and served within 14 days thereafter.

5. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that

describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

6. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

7. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

8. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

9. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting

an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

11. Petitioner must at all times keep the Court and Respondent advised of any change in address.

12. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: May 29, 2025

_____
David C. Nye
Chief U.S. District Court Judge