UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN BOWMAN,<br><br>Petitioner,<br><br>v.<br><br>BREE DERRICK,[1]<br><br>Respondent. | Case No. 1:21-cv-00316-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho prisoner Steven K. Bowman, challenging Petitioner's state court conviction of aggravated battery and persistent violator sentencing enhancement. Dkt. 20 at 1. Respondent has filed a Motion for Partial Summary Dismissal. Dkt. 29. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 28; *see* Fed. R. Evid. 201(b).

[1] Because Petitioner is currently incarcerated in another state pursuant to an interstate agreement, the proper Respondent in this action is Bree Derrick, the Director of the Idaho Department of Correction. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (stating that a Petitioner must name as respondent "the state officer who has custody" of the petitioner); *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004) (holding that a petitioner's custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court").

Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, and for the following reasons, the Court enters the following Order granting the Motion and dismissing Claims 1(a), 3, 4, and 5 with prejudice as procedurally defaulted without excuse.

**BACKGROUND**

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Bowman v. State*, Docket No. 50160 (Idaho Ct. App. June 20, 2024) (unpublished), which is contained in the record at State's Lodging D-4. The facts will not be repeated here except as necessary to explain the Court's decision.

In a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of aggravated battery. *B-4* at 1. He was sentenced to 30 years in prison with 12 years fixed, a term that was enhanced due to Petitioner's admitting he was a persistent violator. *A-3* at 94–95, 113. The trial court denied Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35. *A-6* at ECF p. 28–32.

Petitioner appealed, arguing that the trial court abused its discretion in denying Petitioner's Rule 35 motion. *B-1*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *B-4; B-6*.

Petitioner initially pursued state post-conviction relief pro se, filing numerous pre-petition filings. *C-2* at 8–15, 24–34, 37–38. Later-appointed counsel filed a document entitled the "amended petition," although—as Petitioner had not yet filed a pro se petition—it was actually the initial post-conviction petition. *Id*. at 41, 63–82. The state district court dismissed the petition. *Id*. at 150–73.

On appeal, Petitioner argued that trial counsel was ineffective based on (1) initial counsel's conflict of interest at the preliminary hearing phase and failure to adequately consult with Petitioner regarding a plea offer, (2) trial counsel's advice that Petitioner should go to trial, and (3) trial counsel's failure to explain the persistent violator enhancement or to notify Petitioner of his right to a formal reading of the indictment regarding that enhancement. *D-1*. The Idaho Court of Appeals affirmed the dismissal of the post-conviction petition. *D-5*.

Petitioner filed a petition for review in the Idaho Supreme Court, raising the first two ineffective assistance claims—those regarding counsel's conduct at the preliminary hearing phase and counsel's advice to proceed to trial. Petitioner did not raise his claim of ineffective assistance with respect to the persistent violator enhancement. *D-6; D-7*. The Idaho Supreme Court denied review. *D-8*.

While Petitioner's state post-conviction petition was still pending, he filed the instant habeas case. The case was stayed for a time and reopened when the post-conviction proceedings were completed. Dkts. 14, 19.

In the operative Amended Petition, Petitioner asserts the following claims. Claim 1 asserts ineffective assistance of Petitioner's initially-appointed counsel regarding (a) counsel's conflict of interest, and (b) representation during the preliminary hearing phase—specifically, that counsel failed to adequately investigate, failed to meet with Petitioner prior to the hearing, failed to timely communicate a plea offer to Petitioner, and failed to timely share discovery with Petitioner. *Am. Pet*., Dkt. 20, at ECF p. 14, 19–20.

In Claim 2, Petitioner asserts that Petitioner's later-appointed counsel rendered ineffective assistance by advising Petitioner to go to trial, instead of taking a plea agreement, based on a misunderstanding of accomplice liability.[2] *Id*. at ECF p. 15.

Claim 3 alleges that Petitioner's right to due process was violated during the persistent violator enhancement portion of the proceedings. Though Claim 3 also nominally invokes the phrase "ineffective assistance of counsel," the body of the claim tends to show it is based only on an alleged lack of notice regarding the persistent violator enhancement. *Id*. at ECF p. 16. Nonetheless, mindful of Petitioner's pro se status, the Court construes Claims 3 as asserting both due process and Sixth Amendment violations during the persistent violator proceedings. Claim 3's due process sub-claim will be referred to as Claim 3(a), while the ineffective assistance sub-claim will be referred to as Claim 3(b).[3] The crux of Claim 3 is Petitioner's contention that, if he had known of the applicability of the enhancement and his resultant higher potential sentence, he would have accepted a plea agreement instead of going to trial. *Id*. at ECF p. 22.

Claim 4 asserts that (a) a witness committed perjury during trial, and (b) Petitioner's trial and appellate counsel were both ineffective for failing to challenge the alleged perjury. *Id*. at ECF p. 17, 23–24.

In Claim 5, Petitioner asserts that the prosecution violated *Brady v. Maryland*, 373

---

[2] The Court initially construed this claim slightly differently. Respondent is correct, however, that Claim 2, especially taken in light of the state court record, appears to be based solely on counsel's misapprehension of Idaho law, which led to counsel's advice to go to trial. *See* Dkt. 29-1 at 4 and n.5. Petitioner does not dispute this corrected construction of the claim. *See generally* Dkt. 39.

[3] Like Claim 2, the Court previously construed Claim 3 slightly differently. The corrected construction, however, is both more accurate and more expansive than previously stated.

U.S. 83 (1963), by failing to disclose favorable evidence to the defense. The Amended Petition alleges that this same evidence led to a mistrial in a different case. *Id*. at ECF p. 25–26.

The Court previously reviewed the Amended Petition and allowed Petitioner to proceed to the extent his claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Succ. Rev. Order*, Dkt. 21, at 3.

## DISCUSSION

### 1. Standard of Law Governing Summary Dismissal

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

### 2. The Court Will Grant Respondent's Motion for Summary Dismissal

In her Motion for Partial Summary Dismissal, Respondent argues that Claims 1(a), 3, 4, and 5 are procedurally defaulted without excuse. For the following reasons, the Court agrees.

#### *A. Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a

federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged such errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and that court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner completely failed to raise a claim before the Idaho courts; (2) when a petitioner raised a similar claim, but failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts rejected a claim on an adequate and independent state

procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *B. Claims 1(a), 3(a), 3(b), 4(a), 4(b), and 5 Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's current federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

On direct appeal, Petitioner raised only a state law claim that the trial court abused its discretion in denying the Rule 35 motion. *B-1*. Accordingly, Petitioner's direct appeal did not serve to fairly present any of his instant habeas claims.

On appeal from the dismissal of Petitioner's post-conviction petition, he initially raised three claims: that initial counsel operated under a conflict of interest and rendered ineffective assistance at the preliminary hearing phase, that trial counsel was ineffective in advising Petitioner to go to trial, and that trial counsel was ineffective with respect to the persistent violator enhancement. *D-1*. These arguments are equivalent to Claims 1(b), 2, and 3(b) of the Amended Petition.[4] *Compare D-1 with Am. Pet*. at 14, 19–20, 25–26.

However, after the Idaho Court of Appeals rejected these three claims on the merits, Petitioner did *not* raise Claim 3(b)—his claim of ineffectiveness during the persistent

[4] Though Petitioner's opening appellate brief noted that Petitioner had raised a conflict of interest claim in his post-conviction petition (Claim 1(a) in the instant habeas petition), the brief did not state the conflict as an issue in the appeal or argue the merits of that claim. Merely stating what was raised and adjudicated in a lower court does not constitute fair presentation of the issue on appeal. *See Hiivala*, 195 F.3d at 1106; *Lyons*, 232 F.3d at 669.

violator proceedings—in his petition for review to the Idaho Supreme Court.[5] Instead, Petitioner argued only that counsel rendered ineffective assistance at the preliminary hearing and in advising Petitioner to go to trial, which equate to Claims 1(b) and 2. *D-7*. Because including a claim in a petition for review is a required step in Idaho's exhaustion process, Petitioner's post-conviction appeal fairly presented only Claim 1(b) and 2.

Accordingly, Claims 1(a), 3(a), 3(b), 4(a), 4(b), and 5 are procedurally defaulted.

### *C. Petitioner Has Not Established Cause and Prejudice to Excuse the Default of Claims 1(a), 3, 4, or 5*

The Court's conclusion that Claims 1(a), 3, 4, and 5 are procedurally defaulted does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Though Petitioner does not invoke the actual innocence exception, he does contend that cause and prejudice excuse the default of Claims 1(a), 3, 4, and 5. *See generally* Dkt. 39.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors

[5] Nor did Petitioner raise any conflict of interest claim, which provides an alternative basis for the procedural default of Claim 1(a). *D-7*.

[in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance—whether at trial or on direct appeal—to serve as cause to excuse a default, that ineffectiveness claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim to the state courts in a procedurally proper manner, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally

defaulted.”).

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule on procedural default is that any errors of post-conviction counsel *cannot* serve as a basis for cause to excuse a petitioner’s procedural default of his claims. *See Coleman*, 501 U.S. at 752.

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to this rule. In *Martinez*, the court held that inadequate assistance of counsel “at initial-review collateral review proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.” *Id*. at 9. The *Martinez* Court explained that the limited exception was created “as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.” *Id*. at 14. The *Martinez* exception cannot be used to excuse the default of any claims other than ineffective assistance of trial counsel. *See Davila v. Davis*, 582 U.S. 521, 529 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

The Supreme Court has described the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a “substantial” claim; (2) the “cause” for the procedural default consists

of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013). Because Idaho, as a practical matter, requires ineffective assistance claims to be raised in collateral proceedings instead of on direct appeal, *Martinez* applies in Idaho if ineffective assistance of initial post-conviction review ("PCR") counsel causes the default of a substantial claim of ineffective assistance of trial counsel. The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse procedural default.

Although *Martinez* can permit a federal habeas petitioner to *raise* a procedurally defaulted claim of ineffective assistance of trial counsel, it generally does not permit factual development outside the state court record to *prove* that claim. Instead, claims that can be raised under the *Martinez* exception remain subject to 28 U.S.C. § 2254(e)(2), which does not permit new evidence in federal habeas proceedings unless petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, 596 U.S. at 371 (2022).

Petitioner argues that ineffective assistance of counsel excuses the default of Claims 1(a), 3, 4, and 5. To show that counsel rendered ineffective assistance, a petitioner must

show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors prejudiced the defendant by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must establish both deficient performance and prejudice to prove an ineffective-assistance claim. *Id.* at 697.

Petitioner contends that counsel should have raised the defaulted claims in Petitioner's appeal from the denial of his Rule 35 motion. Petitioner also contends that his direct appeal counsel should have raised the same arguments on appeal from the denial of that motion.

Petitioner cannot show that either Rule 35 counsel or direct appeal counsel constitutes cause to excuse default because he never fairly presented to the Idaho courts a claim that Rule 35 or direct appeal counsel rendered ineffective assistance by failing to raise Claims 1(a), 3, 4, or 5. *Edwards* requires either that such a claim have been properly presented to the state courts or that a separate cause for that default exists. 529 U.S. at 452–53. The record does not establish such cause. Accordingly, the representation provided by Rule 35 counsel or by direct appeal counsel cannot excuse Petitioner's default.[6]

[6] Claims 3(b) and 4(b) are not excused from default for the additional reason that neither Rule 35 counsel nor direct appeal counsel performed deficiently by failing to raise these claims. Because these ineffective assistance claims rely on extra-record evidence, they could not have been raised in the direct appeal or in the Rule 35 proceedings (which occurred before the direct appeal). The extra-record nature of the evidence required to prove such claims is precisely why Idaho courts funnel such claims into post-conviction proceedings. *See State v. Mitchell*, 859 P.2d 972, 973–74 (Idaho Ct. App. 1993) ("[I]t is generally inappropriate to raise a claim of ineffective assistance of counsel on a direct appeal from the judgment of conviction. Rather, such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed.").

Petitioner also argues that post-conviction appellate counsel was ineffective for failing to fairly present Claims 1(a), 3, 4, or 5. Dkt. 39 at 1–2. However, ineffective assistance of counsel on appeal from an initial collateral review proceeding does not constitute cause for a default. *Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."). Accordingly, post-conviction appellate counsel's alleged ineffectiveness cannot excuse the default of Claims 1(a), 3, 4, and 5.[7]

## CONCLUSION

For the foregoing reasons, the Court must dismiss Claims 1(a), 3(a), 3(b), 4(a), 4(b), and 5 of the Amended Petition as procedurally defaulted without excuse.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 29) is GRANTED, and Claims 1(a), 3, 4, and 5 are DISMISSED with prejudice.

2. Respondent must file an answer to the remaining claims (Claims 1(b) and 2) within 60 days of the date of this Order. Petitioner must file a reply brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the

[7] Additionally, Claims 3(a), 4(a) and 5 cannot be excused from default under *Martinez* because they are not ineffective of trial counsel claims. *See Martinez*, 566 U.S. at 9; *Hunton*, 732 F.3d at 1126–27.

option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: September 22, 2026

David C. Nye
U.S. District Court Judge